JUSTICE COLEMAN, specially concurring: I concur with the majority’s opinion affirming the conviction and finding that the amendments to the indictment were permissible under the law. I write separately to emphasize a point noted by the majority, as well as by the trial court, that the State’s actions with respect to amending the indictment were “sloppy” and “embarrassing.” Although I agree with that assessment of the State’s conduct in this case, I would go further. Here, the indictment did not simply contain a single error that was inadvertently overlooked; instead, it appears that the State merely changed the date of the crime and used the same charges that were filed in another case. Presumably, the State did not review the charging instrument to ensure that it accurately reflected the particular case for which it sought the indictment. Not only did the name of the victim refer to another case pending against this defendant, but the particular criminal sexual conduct alleged was also incorrect. Although the law allows for amendments to the indictment such as was done here, it is unacceptable to so casually “cut-and-paste” charges in an indictment. This particular instance of carelessness deserves further comment because the inaccuracies went undiscovered until the victim testified at trial. Clearly there was substantial evidence against this defendant involving multiple acts of criminal sexual conduct against multiple victims, which the State vigorously and successfully prosecuted. I recognize that keeping the details of each case distinct may be challenging, particularly in cases like this one where there are several cases involving multiple counts with multiple victims that appear similar and are filed against the same defendant. However, it is in such cases that the need for precision and accuracy in each charging instrument becomes all the more important in order to avoid imparting any confusion to the grand jury, the trier-of-fact, and the defendant. Thus, it is not merely “sloppy” and “embarrassing” to have both the name of the victim and the conduct alleged stated incorrectly on the indictment, but it suggests a kind of cavalier attitude that is unbecoming of representatives of the People of the State of Illinois.